## Ex Parte C. B. McBride.

### No. 11596.   Delivered January 25, 1928.

*Habeas Corpus—To Secure Bail—Pending Appeal—Rule Stated.*

Where appellant had been convicted in the lower court of murder and his punishment assessed at forty-five years in the penitentiary he was not entitled to bail pending his appeal.   Sec. 11 of Art. 1 of our Constitution, which declares that "All prisoners shall be bailable," etc., has reference to prisoners before conviction.   After conviction prisoners are not guaranteed the right of bail.   See Ex Parte Ezell, 40 Tex. Crim. Rep. 451, and other cases cited.

Original habeas corpus presented in this court to secure bail on appeal from a conviction of murder where the penalty assessed against relator was forty-five years in the penitentiary. Application denied.

The opinion states the case.

*Saunders & Bounds* and *V. L. Shurtleff* of Breckenridge, for relator.

*L. H. Welch,* District Attorney, Stephens County; *O. H. Alred,* County Attorney, Stphens County; *McLean, Scott & Sayers* of Fort Worth; *John F. Evans,* and *A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an original application for habeas corpus filed in this court on behalf of relator seeking bail on appeal from a conviction of murder and a sentence, under the provisions of our indeterminate sentence law, of not less than two nor more than forty-five years in the penitentiary.

We find in the record two briefs on behalf of relator.  In one the statement is made that relator can add nothing to the brief filed in this court in Ex Parte Saylors, No. 3701 on our docket. We are not in accord with the point in the brief in that case which might be applicable here.

In the other brief on file for relator appears an extended argument based on the provisions of the statute relative to parole which may be accorded to one who has been incarcerated in the penitentiary for a certain length of time and who presents a record showing he has behaved himself.  The points raised in this brief are too speculative and have so little application as to not call for review at our hands.

Article 815 of our Code of Criminal Procedure provides that one who has been convicted and given a punishment of fifteen years or less in the penitentiary, may make bail pending appeal.

This relator was given a punishment by the verdict of the jury amounting to forty-five years. We think him not entitled to bail. The provisions of Sec. 11 of Art. 1 of our Constitution, which are referred to and invoked by relator, in our opinion, have no application. The statement therein that "All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident," etc., has reference to prisoners before conviction. Prisoners after conviction are not guaranteed the right of bail. Ex Parte Ezell, 40 Texas, 451; Ex Parte Schwartz, 2 Tex. Crim. App. 74; Warnock v. State, 6 Tex. Crim. App. 450; Ex Parte McCorkle, 29 Tex. Crim. App. 20, 13 S. W. 991.

The application for writ of habeas corpus is denied.

*Application denied.*