

# The Attorney General

## of Texas

### Austin 11, Texas

**WILL WILSON**
**ATTORNEY GENERAL**

December 27, 1962

Mr. George Beto, Director
Department of Corrections
Huntsville, Texas

Opinion No. WW-1510

Re: The beginning date of pri-
soner's sentence where pri-
soner was denied the right
of bail under Article 815
of the Code of Criminal
Procedure and remained in
jail while his conviction
was being affirmed.

Dear Mr. Beto:

In your letter of November 13, 1962, you requested an opinion of this office on the following question:

"When should the sentence of Carrol Lee
Glen begin and to what credits, if any, is
he entitled for time spent in jail?"

Carrol Lee Glen was convicted in the District Court of Cherokee County, Texas, on April 29, 1961, for murder and his punishment assessed at twenty-five years. On June 9, 1961, he was formally sentenced. He appealed and his convic- tion was affirmed by the Court of Criminal Appeals with the mandate bearing date of October 5, 1962. Carrol Lee Glen was received in prison at Huntsville on October 10, 1962. From the time of the jury verdict on April 29, 1961, to the date he was transmitted to Huntsville he was held in jail. The trial court sentenced Carrol Lee Glen on June 9, 1961, and did not give him credit for jail time from April 29, 1961, to the date of sentence.

Under the provisions of Article 815, Code of Crimi- nal Procedure, Carrol Lee Glen was not entitled to bail pending appeal. Ex Parte McBride, 108 Cr.R. 618, 2 S.W.2d 267.

You state in your letter that the inmate is contend- ing that, under the rule stated by the court in Ex Parte Neisler, 69 S.W.2d 422 (Tex.Crim. 1934), he is entitled to credit for time spent in jail after conviction and sentence. We would point out that the court itself says that the facts in that case were "meager". It is not clear in that case whether the court is speaking of time spent in jail after conviction and sentence pending appeal. We do have a clear statement covering the situation pending appeal in Powell

v. State, 63 S.W.2d 712 (Tex.Crim. 1933), where at page 713 the court says:

> "When an appeal is taken, the sentence begins from the date of the mandate of the appellate court whether the judgment was affirmed or whether the appeal was dismissed at the request of the appellant."

The Court of Criminal Appeals of the State of Texas in Brown v. State, 300 S.W.2d 101 (1957), stated that it was without jurisdiction to entertain or grant a request crediting the appellant with time spent in jail. Under the provisions of Article 768, Vernon's Code of Criminal Procedure, the trial court alone has jurisdiction to grant such credit, however, it is specifically provided in said article that the provisions of this act shall not apply after conviction and sentence in felony cases in which bond or recognizance is not permitted by law. We, therefore, concur in your opinion and hold that the inmate's sentence commenced on October 5, 1962, the date of the mandate of the Court of Criminal Appeals.

## S U M M A R Y

When an appeal is taken by the defendant from a sentence of conviction for a nonbailable offense, the sentence begins to run from the date the appellate court issues its mandate in the case.

Respectfully,

WILL WILSON
Attorney General of Texas

By NORMAN V. SUAREZ
Assistant Attorney General

NVS:nss

Mr. George Beto, Page 3  (WW-1510)


APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
Sam R. Wilson
Grady Chandler
Pat Bailey
Vernon Teofan

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore