**Ex parte Erik Thomas BORGEN.**

No. 165–83.

Court of Criminal Appeals of Texas, En Banc.

March 9, 1983.

Charles T. Newlin, Fred Dailey, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann, and Bob Burdette, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted for the offense of sexual abuse. Punishment was assessed at imprisonment for 10 years in the Texas Department of Corrections and a fine of

$10,000. Notice of appeal was given and an appeal bond was set at $50,000. The following day the state filed a motion to deny bail pending appeal with the trial court. In an ex parte hearing the trial court granted the state's motion and ordered that appellant be held without bond pending the disposition of his appeal. Appellant subsequently filed an application for writ of habeas corpus seeking bond pending appeal. The trial court refused to grant relief and notice of appeal was given to the Court of Appeals.

In an unpublished per curiam opinion delivered December 30, 1982, the Court of Appeals dismissed the appeal for want of jurisdiction. The Court of Appeals reasoned that under *Clapp v. State*, 639 S.W.2d 949 (Tex.Cr.App.1982) jurisdiction in any case where bail was denied was vested exclusively in this Court pursuant to the provisions of Article I, Sec. 11-a of the Texas Constitution. We hold that *Clapp v. State, supra,* is not applicable to the facts of the instant case.

In *Mills v. State*, 626 S.W.2d 583 (Tex. App. Amarillo, 1981, Pet. Ref'd.) the appellant argued that he was entitled to bond pending appeal after his conviction for the offense of aggravated rape where punishment was assessed at imprisonment for 99 years. In rejecting this conclusion the Court of Appeals stated:

> "In arguing error, Appellant cites the Texas Constitution, art. I, § 11–11a, Article 17.21 Tex.Code Crim.Pro. (Vernon 1966), *Ex Parte Miles*, 474 S.W.2d 224 (Tex.Cr.App.1971), *Ex Parte Lackey*, 559 S.W.2d 823 (Tex.Cr.App.1977) and *Ex Parte Wilson*, 527 S.W.2d 310 (Tex.Cr. App.1975). None of these authorities are applicable to the instant case. The right to bail under the Texas Constitution applies only to prisoners prior to conviction. E.g., *Ex Parte Laday*, 594 S.W.2d 102, 103 (Tex.Cr.App.1980). Appellant admitted he had been convicted and incarcerated in the state of New Mexico. Custody continued in that state except for the limited purpose allowed by the statute. The cases and authorities cited by Appellant

are distinguishable because all deal with the right to bail prior to conviction...."

In *Clapp v. State, supra,* this Court held that where bail is denied prior to trial under the authority of Article I, Section 11–a of the Texas Constitution, exclusive jurisdiction for appellate review of the order denying bail rests with this Court.

■ The case before us involves a denial of bond pending appeal. This is governed by Article 44.04, V.A.C.C.P. Where the punishment assessed exceeds 15 years confinement or where the defendant has been convicted of an offense listed under Section 4.01(b)(2) the Texas Controlled Substances Act, no bond is allowed pending appeal. See Article 44.04(b). In all other cases appellant is entitled to bond pending appeal unless one of the circumstances outlined in Article 44.04(c) is applicable. Article 44.-04(g) specifically provides that the right of appeal to the Court of Appeals to review the amount of bail or the denial of bail is expressly granted.

■ In *Ex parte Spaulding*, 612 S.W.2d 509 (Tex.Cr.App.1981) this Court held that matters pertaining to bail pending appeal may be reviewed by three means: (1) by an appeal pursuant to Article 44.04(g), (2) by appeal from denial of a writ of habeas corpus pursuant to Article 44.36, V.A.C. C.P., or (3) by an original writ of habeas corpus to the Court of Criminal Appeals. There is also authority for the view that now an original application for writ of habeas corpus may be filed in the Court of Appeals after its appellate jurisdiction has been invoked. *Ex parte Smith*, 624 S.W.2d 671 (Tex.App.—Beaumont, 1981, no pet.)

Therefore, pursuant to Article 44.37 and 44.45(b), V.A.C.C.P. and Tex.Crim.App. Rule 304(k), appellant's petition for discretionary review is granted and this case is remanded to the Court of Appeals for the First Supreme Judicial District for consideration of the merits of appellant's appeal. See *Sanchez v. State*, 628 S.W.2d 780 (Tex. Cr.App.1982); *Froyd v. State*, 633 S.W.2d 884 (Tex.Cr.App.1982).

This Court expresses no opinion with respect to the disposition of the contentions advanced by appellant but only finds that the Court of Appeals was in error in concluding that it did not have jurisdiction to consider the appeal. Further review in this Court will be had only pursuant to a petition for discretionary review or an order for review filed by a member of this Court. See *Finch v. State,* 643 S.W.2d 415 (Tex.Cr. App.1982).

MILLER, J., not participating.