**Ex parte Andres CASTANEDA, Appellant.**

**No. 13-87-264-CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 30, 1987.

Juan Martinez Gonzales, Beeville, for appellant.

C.F. Moore, Dist. Atty., Beeville, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

Appellant, Andres Castaneda, was convicted of aggravated sexual assault and was assessed punishment at fifteen years confinement in the Texas Department of Corrections. After sentencing, Castaneda was confined without bond and subsequently, as relator, he filed an application for writ of habeas corpus in which, among

other things, he claimed the right to bail pending appeal pursuant to TEX.CODE CRIM.PROC.ANN. art. 44.04 (Vernon 1981). The trial court granted the application and set a hearing on the matters contained therein.

Although the record before us does not contain a formal issuance of the "Great Writ," a hearing was held before the Honorable Rachel Littlejohn on the matters contained in the application for the writ of habeas corpus at which hearing the appellant appeared with his counsel. After the hearing, the trial court denied appellant's request for bond. This is an appeal from the denial of such requested bail as authorized by TEX.CODE CRIM.PROC.ANN. art. 44.04(g) (Vernon 1981).

Castaneda claims in this sole ground of error that he is entitled to an appeal bond pursuant to Article 44.04 because "the evidence substantiated the facts that relator's sentence was fifteen years confinement and that relator had not committed other crimes while on bond and would not commit other crimes if an appeal bond was set."

Article 44.04(c), provides the trial court authority to deny bail and commit a defendant to jail pending appeal from a felony conviction where the punishment does not exceed fifteen years' confinement if "there exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail...." Since the punishment assessed does not exceed fifteen years and the conviction is not for an offense listed under Section 4.01(b)(2) of the Texas Controlled Substances Act, Castaneda is entitled to bond pending an appeal unless one of the circumstances outlined in article 44.04(c) is applicable. *Ex parte Borgen*, 646 S.W.2d 450 (Tex.Crim. App.1983).

As to the first of the two circumstances, there was no evidence at the hearing indicating that Castaneda would not appear if his conviction became final; nor does the State contend there is reason to find that he would not appear on a final conviction. The only evidence relating to the appearance of Castaneda upon a final conviction was tht favorable to a finding that he would appear.

The issue before us turns upon the second circumstance under Article 44.04(c). Was there good cause to believe that Castaneda was likely to commit another offense while on bail? Castaneda's evidence on this second question (circumstance) consisted of his testimony that he would not commit another offense if released on bond. He also presented testimony from a son, two daughters, and three daughters-in-law, wherein they opined that he would not commit an offense if released on bond. The State presented a video tape of the child victim of the alleged aggravated sexual assault which apparently had also been received in evidence during the main trial of the appellant. The child victim related that the appellant engaged in sexual intercourse with her "about fifty or sixty times." In addition, the record contains unobjected opinion testimony from Gloria Ybanez, a social worker with the Department of Human Resources, that Castaneda's release would be a risk to the child and that such a sexual abuse could occur again.

Since Castaneda was entitled to bond unless there was good cause to believe he would commit another offense while on bail, it was the State's burden to show that such good cause existed to support the trial court's denial of bail. The trial judge as fact finder had evidence before her from which she could conclude that the appellant had on a great number of occasions engaged in the same type of assaultive behavior as that for which he was found guilty of by the jury. This evidence coupled with the testimony of the witness Ybanez is sufficient to support the trial court's implied finding that there was good cause to believe that Castaneda was likely to commit another offense while on appeal.

We overrule the appellant's sole ground of error and AFFIRM the order of the trial court denying bond.