Ex parte Raul **PEREZ**, Appellant

v.

The **STATE** of Texas, Appellee.

No. 04–94–00807–CR.

Court of Appeals of Texas, San Antonio.

April 3, 1995.

Stephanie L. Stevens, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty. and Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and HARDBERGER and GREEN, JJ.

## OPINION

PER CURIAM.

This is a habeas corpus appeal from an order denying post-conviction reduction in bail pending appeal. Perez pled guilty to Felony Driving While Intoxicated and received a four-year sentence. His bond pending appeal was set at $100,000 and five months later Perez moved for reduction of the appeal bond.[1] The court heard evidence, denied the motion, and this appeal followed. For the reasons stated below, we reverse the trial court's decision and order a reduction in the bail amount.

Perez contends that the order denying reduction in bail should be reversed because it is excessive under (1) articles 17.15 and 44.04(c) of the Texas Code of Criminal Procedure; (2) the Eighth and Fourteenth Amendments of the United States Constitution; and (3) Article I, sections 11 and 13 of the Texas Constitution.

The Texas Constitution recognizes the right to bail by sufficient securities in all criminal offenses except when the probability of assessing the death penalty is strongly indicated. *See* TEX. CONST. art. I, § 11. This constitutional right to bail, however, is limited to pre-conviction cases. *Ex parte Laday,* 594 S.W.2d 102, 103 (Tex.Crim.App.1980) (en banc); *Ex parte Davis,* 574 S.W.2d 166, 168 n. 2 (Tex.Crim.App.1978); *Ex parte Bitela,* 452 S.W.2d 501, 501 (Tex.Crim.App.1970); *Ex parte Nielssen,* 446 S.W.2d 882, 882 (Tex. Cr.App.1969); *Ex parte Ezell,* 40 Tex. 451, 460 (1874). Convicted felons are not guaranteed the right to bail under the constitution. *Ex parte McBride,* 108 Tex.Crim. 618, 2 S.W.2d 267, 267 (App.1928). Once the accused has been found guilty, his or her status has changed.

Article 44.04(b) renders a convicted felon ineligible for bail pending appeal where

---

1. A convicted defendant may challenge in trial court the amount of his appeal bond by application for writ of habeas corpus or by a statutory motion to reduce the bond. *See Ex parte Reese,* 666 S.W.2d 675, 677 (Tex.App.—Fort Worth 1984, pet. ref'd).

punishment in excess of 15 years confinement has been assessed. In cases where the assessed punishment is 15 years or less, the trial court has the discretion to set bail or to deny bail for good cause shown.[2] *See* Tex. Code Crim.P. art. 44.04(b), (c). The trial court may deny bail to one appealing a felony conviction where punishment does not exceed 15 years if there is good cause to believe that the defendant is likely to commit another offense while on bail. *Id.*, art. 44.04(c). There is some evidence in the record to suggest that the trial court in this case focused on the likelihood that appellant would. At least one court of appeals, however, has held that the statutory authority to deny bail pending appeal in certain cases does not carry with it authority to set excessive bail in such cases. *See Ex parte Harris*, 733 S.W.2d 712, 715 (Tex.App.—Austin 1987, no pet.) (reducing $50,000 bail pending appeal of D.W.I. conviction to $10,000).

■ Once the trial court determines that a person is eligible for bail, the bail to be set must be reasonable. Article 17.15 of the code of criminal procedure lists the following factors to be considered in determining the appropriate amount of bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex.Code Crim.Proc.Ann., art. 17.15 (Vernon Supp.1994).

2. This code provision expressly grants a right to appeal to the court of appeals to review the amount of bail or the denial of bail. *Ex parte*

■ The burden is on the person seeking a reduction to show that the bail set is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App.1981) (bail pending appeal). The bail shall be sufficiently high to give reasonable assurance that if his conviction is affirmed, he will present himself to the authorities to serve his sentence. *See id.;* Tex.Code Crim.P. art. 17.15 (Vernon Supp. 1995).

■ While an accused's ability to make bail may be considered, it is not dispositive. *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex.Crim.App.1980); *see also Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex.Crim.App.1980) ($250,000 bail for unemployed armed robbery defendant reduced to $50,000); *Ex parte Vasquez*, 558 S.W.2d 477, 480 (Tex.Crim.App. 1977) ($100,000 bail for indigent capital murder defendant who admitted driving getaway car reduced to $20,000).

Although the ability to make bail is a factor to be considered, ability alone, even indigency, does not control the amount of bail. In considering the nature of the offense, it is appropriate to consider the possible punishment as well. Although the bail should be high enough to give reasonable assurance that the undertaking will be complied with, the amount should not be oppressively high.

*Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex.Crim.App.1980) (citations omitted).

■ The *Rubac* opinion contains a list of factors a court should consider in determining reasonable bail post-conviction. The length of the sentence and the nature of the offense are considered primary factors. Other relevant circumstances include the petitioner's work record, family ties, length of residency, conformity with previous bond conditions, other outstanding bonds, and any aggravating factors involved in the offense. *Rubac*, 611 S.W.2d at 849–50 (reducing a $100,000 bond pending appeal of narcotics

*Borgen*, 646 S.W.2d 450, 451 (Tex.Crim.App. 1983).

conviction to $25,000). The *Rubac* case categorized narcotics charges to be non-violent. *Id.*, at 849.

Applying this analysis, the following facts appear in the record of the case at bar:

1. The length of sentence imposed is four years. At the time this appeal was submitted, appellant has already served 10 months.

2. The nature of the offense is DWI. The trial court expressed concern on the record for the future safety of the community should appellant commit another offense while out on bond pending appeal.[3]

3. The petitioner's work record is a 12–year history in the maintenance department of South San Antonio Independent School District.

4. His family ties include a daughter who is a local attorney, a daughter who is a college student married to a San Antonio police officer, and a son who is in high school. His married daughter and son-in-law are willing to have him stay with them while his appeal is pending so long as he does not drink alcohol. He has continued to make child support payments from his savings while incarcerated.

5. With the exception of his years of military service, he is a life-long resident of Bexar County.

---

3. THE COURT: This is the way—I remember the PSI had numerous DWI offenses on it. I don't know whether there were some that were—he picked up some while he was on probation for others, I just remember that he had a lot of DWI offenses, not just two—you've said two convictions—

MS. BARCLAY: Correct.

THE COURT: —is what I heard his testimony to be. But I remember quite a few.

MS. BARCLAY: I'm aware of two other misdemeanors that were dismissed, and another felony DWI that was dismissed at the same time that he entered the plea on this case.

THE COURT: When he entered the plea, there was another felony DWI that was taken into consideration, so he was on bond and committed another offense; is that correct?

MS. BARCLAY: I don't know the date of the other ones, Your Honor.

THE COURT: If I remember the chain of events on it, I mean, I'm having to dig back in my memory, but I seem to think I remember that from the PSI report. And I also remember that his plea bargain was for a term of four years, I denied him appeal. I have not seen anything to suggest the merits in reference to the validity of some ground of appeal within your application.

MS. BARCLAY: Your Honor, I don't believe that that's one of the factors that we have to show on the motion for reduction of bond. It may well be that the Court of Appeals agrees with you and says that there is no merit to it, but I think that in terms of establishing whether he's entitled to a lower bond, that's not one of the factors that the Court has to consider.

THE COURT: Well, we have a lot of factors now to consider, including the safety of the community.

MS. BARCLAY: That's true, Your Honor.

THE COURT: And in my mind, an individual who demonstrates repeatedly that they commit offenses while on bond, which was in that PSI, that was shown to me in that PSI when I did the original sentence and denied his application, suggests that the bond amounts should be higher. You couple that with the fact that a plea bargain was followed, coupled with no showing of any really valid appeal, other than someone wants out on bond pending the appeal process, I think it justifies a high bond.

MS. BARCLAY: Your Honor, if I could also refer the Court to 733 Southwest Second, 712, Ex Parte C.L. Harris, and that was a Court of Appeals case out of Austin. It's for a felony DWI offense, also, in which the appeal bond had been set at $50,000, and the Court lowered it, saying that was excessive. They lowered it to 10,000, I believe.

THE COURT: Well, I don't know if that Court had before it at the time the knowledge that the person had committed another offense while on bond, and that was taken into consideration in relation to that situation.

MS. BARCLAY: Your Honor, there was information before the Court that the—the appellant in that case had a long record of alcohol related convictions. And the Court said that basically those were nonviolent conditions, and that being all that this person had on their record, and the other factors militating in favor of the appellant, that the bond was excessive. Would you like me to tender a copy of this?

THE COURT: Well, I—I don't—I have a hard time characterizing DWI as something that is a nondangerous offense. If we distinguish that from nonviolent, basing the reasoning on someone could very easily be killed. And we're not dealing with an—we're dealing with an individual who has committed offenses while on bonds, and I think when I weigh that versus the safety to the community, coupled with following the plea bargain, what I have seen to have an appeal with merit, I going to leave the bond where it is. R. 22–25.

6. He and his daughter testified that neither he nor anyone in his family has the ability to meet the conditions of a $100,000 bond, that he has $1,500 in a bank account available to purchase a bond. The family had contacted three bondsmen and was unable to meet their terms.

7. This is his third DWI conviction and there are other arrests for DWI on his record. However, he is enrolled in an Alcoholics Anonymous program while incarcerated. He has no history of violent crime. He owns a older vehicle.[4]

8. His history of conforming to the terms and conditions of previous bonds is unclear. The trial judge referred to prior offenses committed while on other bonds, but the PSI report is not part of the record on appeal.[5] The two prior DWI convictions were misdemeanors upon which he was released on PI bonds. It does not appear that his past actions ever resulted in a bond forfeiture proceeding.

9. The record does not reflect any other outstanding bonds.

10. There do not appear to be any aggravating factors concerning this offense.

A review of some of the opinions analyzing the reasonableness of bail may provide further guidance to the trial court. In *Ludwig v. State,* which involved violent crime, the trial court set bail at $2,000,000 for multiple murder charges. The court of appeals reduced bail to $1,000,000. The court of criminal appeals found that amount excessive and set bail at $50,000. *Ludwig v. State,* 812 S.W.2d 323 (Tex.Crim.App.1991).

Recently, this court reviewed excessive bail in capital murder cases in *Ex parte McDonald,* 852 S.W.2d 730, 733–34 (Tex. App.—San Antonio 1993, no pet.). McDonald's bail had originally been set at $1,000,000 where the accused was indicted for killing his ex-wife during a kidnapping attempt. *Id.* at 734. McDonald reported the crime and turned himself in to the police. *Id.* at 735. A long-time resident of the city, he lived with his ailing mother and had few assets. *Id.* The victim's son testified that he feared McDonald. *Id.* Nevertheless, we found the $1,000,000 bail oppressively high because it was far higher than necessary to insure that the defendant would appear at his trial and we reduced the bail amount to $75,000. *Id.* at 736. We noted, however, that each case must be evaluated upon its unique facts. *See id.* at 735 n. 4.

The *Harris* opinion issued by the Austin Court of Appeals concerns the same primary factors as this case: the issue of reasonable bail for felony D.W.I. and a four-year sentence. Many of the other relevant factors are also similar: an older, life-long resident of the county, with some regular income and an inability to meet the conditions of a $50,000 bond. *Harris,* 733 S.W.2d at 713. Harris had a history of alcohol-related convictions, including violations of probation conditions due to alcohol. *Id.* The court of appeals rejected the State's position that since there was evidence to support outright denial of bail, a high bond was not an abuse of discretion. *Id.* at 714. The deliberate setting of bail at a level the court knew the appellant could not afford under these circumstances was oppressive. *Id.* The court concluded:

> The statutory authority to deny bail pending appeal in certain cases does not carry

4. Appellant's daughter testified, "He has an old, old, old little bug, but it's not in any kind of condition. It wouldn't give him $10,000." When asked if the car runs, she responded, "Barely." R. 11.

5. Appellant contends that the trial court abused its discretion by taking into consideration the P.S.I. report of other D.W.I. offenses when the State had not introduced such evidence at the hearing on the motion to reduce bail pending appeal. Under proper circumstances when considering the future safety of the community on a bond reduction issue, the court is not required to disregard relevant factors because they were presented to the same court in the earlier sentencing proceeding. *See Ex parte Turner,* 612 S.W.2d 611, 612 (Tex.Crim.App.1981) (en banc). We are unable to evaluate any harm the defendant may have suffered from this notice, because the P.S.I. report is not part of the record on appeal.

with it the authority to set excessive bail in such cases. Having decided to admit appellant to bail, the district court was obligated to set bail in a reasonable amount. *Id.* at 715. The Austin court ordered a reduction of the bond to $10,000.

 In cases such as these we are ever mindful that the felony offense of driving while intoxicated has the potential of resulting in serious consequences. Counterbalancing this concern are the rights guaranteed the appellant under the code of criminal procedure and the strict prohibition against bonds being the instruments of oppression. In *Harris,* under circumstances comparable to the facts before us, the trial court expressed grave concern over possible danger to the community resulting from the release of the defendant, although there was evidently no showing that violence had resulted from the defendant's D.W.I. offense. *Harris,* 733 S.W.2d at 713–14. After quoting the trial court's articulated fears of potential danger, the Austin Court of Appeals noted that "[i]t is clear that the district court's refusal to reduce bail was not based on a determination that $50,000 bail is necessary to assure appellant's presence," but rather, found that the bond imposed was "for the express purpose of forcing appellant to remain incarcerated pending appeal" and reduced the bond. *Id.* at 714.

Similarly, in this case the trial judge characterized D.W.I. as a dangerous offense, distinguishing it from a nonviolent offense. *See* n. 3, *supra.* While D.W.I. can be said to be potentially dangerous, the court of criminal appeals has considered the nonviolent aspect of an offense as a factor favorable to a bond reduction. *See Rubac,* 611 S.W.2d at 850 (possession of narcotics with intent to deliver). In the record before us, there was no evidence of violence attributable to the defendant, whether arising from drinking or otherwise.

Based upon the factors enumerated in article 17.15, case law, and evidence presented at the bail reduction hearing, we conclude that the bond approved by the trial judge was excessive by $75,000. Appellant's first point of error is sustained. The order denying appellant's motion for reduction of appeal bond is reversed and bail is reduced to $25,000. As always, if appellant is released on bond, the trial court may impose conditions authorized by law. This case is reversed and remanded to the trial court for further proceedings consistent with this opinion. The mandate shall issue immediately.