Sean LEBO, Appellant,

v.

STATE of Texas, Appellee.

No. 04–02–00009–CR.

Court of Appeals of Texas,
San Antonio.

March 20, 2002.

Ray Taylor, Robert H. Featherston, Taylor & Correa, P.C., San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

PAUL W. GREEN, Justice.

In this appeal of the trial court's order denying bail, we decide whether a defendant who receives a ten-year sentence, but is placed on community service, is eligible to be released on bond pending appeal under TEX. CODE CRIM. P. ANN. art. 44.04 (Vernon Supp. 2002). Because we hold article 44.04(b) does not permit bail under such circumstances, we affirm the trial court's order.[1]

A jury convicted Sean Lebo of felony assault of an elderly person. *See* TEX. PEN. CODE ANN. § 22.04(a)(3), (f) (Vernon Supp. 2002). Lebo was sentenced to ten years confinement, but the sentence was suspended on the recommendation of the jury, and Lebo was placed on ten years community supervision. As a condition of his probation, Lebo was required to serve ninety-days confinement, the term of confinement to begin before Lebo's appeal was decided. The trial court refused to release Lebo on bond pending appeal, and this appeal ensued. Lebo claims the trial court erred when it held he was not eligible for bail under article 44.04(b).

■ Article 44.04(b) states: "The defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years confinement."

We begin, as usual, with the language of the relevant statute. Under our approach to statutory interpretation, we look solely to the literal text of the statute for its meaning unless the text is ambiguous or application of the statute's plain language would lead to an absurd result that the legislature could not possibly have intended.

*Fryer v. State*, 68 S.W.3d 628, 629 (Tex. Crim.App.2002); *Boykin, v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). When the meaning of a statutory term should have been clear to the legislators who voted on it, we give effect to that meaning. *State v. Mason*, 980 S.W.2d 635, 637 (Tex.Crim.App.1998).

■ Lebo argues his "punishment" does not equal "10 years confinement" because ten years probation is less than ten years confinement. The Court of Criminal Appeals, construing earlier versions of the bail statute, has defined "punishment" as

---

1. Because Lebo is not eligible for bail as a matter of law, we need not determine whether he was otherwise qualified for release on bond.

"the term of confinement assessed, the maximum sentence imposed," regardless of whether the defendant is required to serve the entire term. *Daniel v. State*, 623 S.W.2d 411, 412 (Tex.Crim.App.1981); *see Ex Parte McBride*, 108 Tex.Crim. 618, 618-19, 2 S.W.2d 267, 267 (1928) (when indeterminate sentence is pronounced, the maximum possible term of confinement controls for purpose of bond pending appeal). This construction is consistent with the legislature's use of the term "punishment" to denote the term of confinement in the community supervision statute. *See* Tex. Code Crim. P. Ann. art. 42.12 § 4(a) (Vernon Supp. 2002).

■■■ "A jury that imposes confinement as punishment for an offense may recommend to the judge that the judge suspend the imposition of the sentence and place the defendant on community supervision." *Id.* The punishment for Lebo's crime is the term of confinement, the sentence. Through the jury's clemency, Lebo's sentence has been suspended, and he may, if he complies with the conditions of his probation, avoid the confinement assessed. Nevertheless, we hold that "punishment" as used to determine eligibility for bond pending appeal pursuant to art. 44.04(b) means the maximum term of confinement assessed.

Lebo asserts the legislature could not have intended a defendant who receives ten years probation to be denied bail when a defendant who receives a nine-year sentence with no probation can be released on bail. Although this result might seem unfair, we cannot hold that it is absurd. The current bail statute reflects the legislature's decision to lower the amount of punishment a defendant can receive and still be eligible for bail from fifteen years to ten years. The term "punishment" as used in

the bail statute has been interpreted as the maximum term of confinement for many years and would have been known to the legislators who voted on the new version of the statute. If the legislature wanted to make an exception for defendants whose sentences are probated, it could have done so. Instead, it chose a bright line at ten years.[2] We cannot substitute our judgment for the legislature's decision that defendants whose crimes result in the imposition of a sentence of ten years or more should be denied bail. *See Ex parte Davis*, 412 S.W.2d 46, 52 (Tex.Crim.App.1966), *overruled on other grounds, Ex parte Hill*, 528 S.W.2d 125 (Tex.Crim.App.1975).

Because the punishment assessed by the jury in this case equals ten years confinement, Lebo is not eligible for bond pending appeal. We affirm the order of the trial court.

**2.** The legislature also denied bail for certain offenses regardless of the term of punishment. Tex. Code Crim. P. Ann. art. 44.04 (bail not allowed for defendants convicted of offenses listed in art. 42.12 § 3g(a)(1)).