In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-051 CR


____________________



EX PARTE JOHN KIM GOBERT






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 75506






MEMORANDUM OPINION


 John Kim Gobert appeals the trial court's order denying his application for writ of
habeas corpus for bail pending appeal. 

 Article 44.04(g) of the Texas Code of Criminal Procedure expressly grants a right of
appeal to the court of appeals to review the denial of bail. Tex. Code Crim. Proc. Ann. art.
44.04(g) (Vernon 2006); Ex parte Borgen, 646 S.W.2d 450, 451 (Tex. Crim. App. 1983). 
Gobert contends he is entitled to bail pending appeal pursuant to a prior version of Texas
Code of Criminal Procedure article 44.04(b). According to Gobert, the dates of his offense,
indictment, trial, and sentencing all occurred before article 44.04(b) was amended in 1999
and therefore, the version of article 44.04(b) in effect prior to the 1999 amendment applies. 
Prior to the 1999 amendment and at the time of Gobert's offense, indictment, trial, and the
trial court's deferred adjudication sentence, article 44.04(b) provided as follows:

 The defendant may not be released on bail pending the appeal from any felony
conviction where the punishment exceeds 15 years confinement or where the
defendant has been convicted of an offense listed under Sections 481.107(b)
through (e), Health and Safety Code, but shall immediately be placed in
custody and the bail discharged. 


Act of May 30, 1983, 68th Leg., R.S., ch. 425, § 26, 1983 Tex. Gen. Laws 2361, 2416,
amended by Act of March 21, 1991, 72nd Leg., R.S., ch. 14, § 284(50), 1991 Tex. Gen. Laws
42, 232. In 1999, the statute was amended to read as follows:

 The defendant may not be released on bail pending the appeal from any felony
conviction where the punishment equals or exceeds 10 years confinement or
where the defendant has been convicted of an offense listed under Section
3g(a)(1), Article 42.12, but shall immediately be placed in custody and the bail
discharged.


Act of May 19, 1999, 76th Leg., R.S., ch. 546, § 1(b), 1999 Tex. Gen. Laws 3042, 3042
(current version at Tex. Code Crim. Proc. Ann. art. 44.04(b) (Vernon 2006)). Section 2 of
the amending legislation provided:

 The change in law made by this Act applies only to a request for bail pending
appeal that is made by a defendant on or after the effective date of this Act. 
A request for bail pending appeal that is made by a defendant before
[September 1, 1999] is covered by the law in effect when the request was
made, and the former law is continued in effect for that purpose. 


Act of May 19, 1999, 76th Leg., R.S., ch. 546, § 2, 1999 Tex. Gen. Laws 3042, 3042. Gobert made his request for an appeal bond after September 1, 1999 -- the effective
date of the 1999 amendment. His right to an appeal bond is governed by the current statute. 
See id. Because the trial court revoked Gobert's probation and sentenced him to 10 years'
confinement, he is not eligible for bond pending appeal under the current version of article
44.04(b). See Tex. Code Crim. Proc. Ann. art. 44.04(b) (Vernon 2006). 

 Gobert further argues that once a state has made provision for bail pending appeal,
the federal courts have stated that the Eighth and Fourteenth Amendments require that it not
be denied arbitrarily or unreasonably. He maintains he was not afforded procedural due
process because the trial court did not give notice and hold a hearing prior to its denial of his
application. While there is an established constitutional right to pre-trial bail, "[t]here is no
federal or state constitutional right to bail pending appeal." Dallas v. State, 983 S.W.2d 276,
278 n.1 (Tex. Crim. App. 1998) (citing Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3
(1951)). Furthermore, the Texas Court of Criminal Appeals has specifically held that article
44.04(b) is constitutional. Lebo v. State, 90 S.W.3d 324, 326, 330 (Tex. Crim. App. 2002). 
Because Gobert was not eligible for bail pending appeal as a matter of law, the trial court
could not consider his application and no notice or a hearing prior to its denial of his
application was required. See Faerman v. State, 966 S.W.2d 843, 847 (Tex. App.--Houston
[14th Dist.] 1998, no pet.) (trial court may summarily deny a defendant's request for bail
pending an appeal if he is ineligible under art. 44.04(b)).

 Gobert asserts he was improperly tried and sentenced, denied his right to appeal his
conviction, and denied effective assistance of counsel at trial and on appeal. We dismiss
these claims because they are unrelated to the trial court's denial of his application for writ
of habeas corpus for bail pending appeal for which he filed his habeas action invoking this
Court's jurisdiction under article 44.04(g). Tex. Code Crim. Proc. Ann. art. 44.04(g). We
affirm the trial court's order denying Gobert's application for writ of habeas corpus for bail
pending appeal.

 AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on March 28, 2007

Opinion Delivered April 11, 2007

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.