**Opinion issued July 14, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00499-CR

————————————

**CHRISTOPHER ERNEST BRAUGHTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1389139**

## MEMORANDUM OPINION

Appellant, Christopher Ernest Braughton, appeals from an order denying his motion for bond pending appeal of his underlying conviction. We affirm.

On February 11, 2015, after a jury found appellant guilty of a first-degree felony murder offense, the trial court assessed punishment at twenty years'

confinement. *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (c) (West Supp. 2014).

Appellant filed a motion for new trial which the trial court denied after a hearing

on April 13, 2015. On April 16, 2015, appellant filed a notice of appeal of the

judgment of conviction and denial of his motion for new trial.[1]

On April 16, 2015, appellant also filed a motion for bond pending appeal,

seeking to have the trial court restore his $50,000 pretrial bond. On April 20,

2015, the trial court denied appellant's motion for bond pending appeal by

handwriting the denial on the cover of the motion, without issuing a separate order

or holding a hearing. On May 20, 2015, appellant timely filed a notice of appeal

from the denial of his motion for bond pending appeal. *See* TEX. CODE CRIM.

PROC. ANN. art. 44.04(g) (West Supp. 2014);[2] TEX. R. APP. P. 31.1.

However, the applicable statute does not permit the trial court any discretion

in releasing a defendant on bail pending appeal of certain felony convictions when

the sentence exceeds ten years in prison. *See* TEX. CODE CRIM. PROC. ANN. art.

44.04(b) (stating that "[t]he defendant may not be released on bail pending the

---

[1]     Appellant's appeal from the judgment of conviction and denial of his motion for new trial remains pending under appellate cause number 01-15-00393-CR.

[2]     Because this statute requires that appeals of bond denials pending appeal are to be given preference by the appellate court, the Clerk of this Court assigned it a new appellate cause number from his pending appeal of his conviction. According to the court reporter's information sheet filed on July 6, 2015, in this Court, there was no hearing held on the trial court's April 20, 2015 order denying the motion for bond pending appeal.

appeal from any felony conviction where the punishment equals or exceeds 10 years confinement or where the defendant has been convicted of an offense listed under Section 3g(a)(1), Article 42.12, but shall immediately be placed in custody and the bail discharged."); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, §3g(a)(1)(A) (West Supp. 2014) (listing murder, under section 19.02 of the Penal Code, as one of several offenses where judge is not allowed to place defendant on community supervision); *Lebo v. State*, 90 S.W.3d 324, 330 (Tex. Crim. App. 2002) (concluding that article 44.04(b) states "that those who are sentenced to ten years' actual imprisonment are not entitled to bail pending appeal, while those placed on ten years' community supervision may seek release on bail pending appeal."). Here, because appellant was convicted of murder and his sentence exceeded ten years in prison, the trial court properly denied his motion because it could not release him on bail pending the appeal of his felony conviction.

## CONCLUSION

Accordingly, we affirm the trial court's order denying the appellant bond pending appeal.

## PER CURIAM

Panel consists of Justices Keyes, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).