### Ex parte John Winston PEEL.

### No. 68931.

Court of Criminal Appeals of Texas, En Banc.

Jan. 20, 1982.

Nicholas Cariotis, Duncanville, Kerry P. Fitzgerald, Bill Habern, Dallas, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an application for writ of habeas corpus filed in this Court pursuant to the provisions of Article 11.07, V.A.C.C.P.

Applicant was convicted upon his plea of guilty in Dallas County of the offense of aggravated assault in Cause No. F–75–10267–LJ and was sentenced to ten years' imprisonment. He was further convicted under Federal Cause No. CR3–76–305 for the offense of distributing heroin and sentenced to 12 years. At the time of his filing this application, Applicant was incarcerated at the Federal Correctional Institute in Seagoville, hereinafter referred to as Seagoville. He has never been incarcerated in the Texas Department of Corrections

---

(T.D.C.) for the Dallas County conviction; however, it is running concurrently with the federal conviction.

Applicant contends he is entitled to consideration for the grant of additional good conduct credit, commonly referred to as trusty time on his Texas sentence while he remains in Seagoville, under the concepts of due process of law and equal protection. The record reflects that no prisoner has received trusty time until he has been admitted to T.D.C. State prisoners serving concurrent sentences in the federal system likewise do not receive the trusty time credit for the time spent in federal custody. He contends that since he is being held in the constructive custody of the T.D.C., he must be treated as any other prisoner within that department.

It is the State's position that Appellant is premature; since he has not yet been transferred to T.D.C. he has been denied nothing.

In *Ex parte Williams*, 551 S.W.2d 416 (Tex.Cr.App.1979), we held that a prisoner was entitled to consideration for good time credit on a State sentence for time served while in concurrent federal custody. The final decision of whether to award the time lies with the appropriate officials of the T.D.C.

Texas awards trusty time for job performance, Art. 6184a, V.A.C.S.[1], but there is no showing that the federal system even requires performance of a job to entitle an inmate to draw "trusty" status time. It appears from the record that good conduct alone will suffice. This is a practice which Texas' officials do not follow. Further, the concept of what constitutes good conduct may well differ.

 Applicant argues that since he is held under the theory of "constructive custody", he should be treated just as any other person incarcerated under "constructive custody". Persons incarcerated within county jails awaiting transfer to T.D.C. are in constructive custody, *Ex parte Spates*,

521 S.W.2d 265 (Tex.Cr.App.1975), but this does not necessarily mean that a person so situated is entitled to trusty time simply for good behavior. Persons on parole, a form of constructive custody, are not even entitled to good time, much less trusty time. The Texas Legislature can certainly pass legislation granting different time credit-earning capabilities to persons in different situations. This they have chosen to do. See and compare Article 6184a, V.A.C.S.; Article 42.12, § 22, V.A.C.C.P.; Art. 6181–1, V.A.C.S.

 The purpose of Article 6184a, supra, appears to be to award additional time credit to those inmates of T.D.C. who, after three months in the Texas system, perform jobs in the service of the Department. We cannot say this is irrational. Applicant is entitled to all credit an inmate of T.D.C. would draw for simply being there. To hold that Applicant is entitled to time credits designed to reward service to T.D.C. when he has not rendered such service is not required by due process or equal protection concepts. Any change is for the Legislature, not this Court.

Applicant is not entitled to consideration for extra time for service to T.D.C. since he has not shown he has performed such service. Further, the decision of whether to award such time clearly must remain with the T.D.C. officials; and it must be done, if at all, at a time when those officials can review the entire record of the concurrent confinement.

All relief requested is, accordingly DENIED.

---

1. The Attorney General's recent opinion construing this statute is generally consistent with the views expressed herein. Tex.Atty.Gen.Op. No. MW–382 (1981). This opinion should, however, not be relied on insofar as it seems to say that T.D.C. officials may not grant "trusty" time on the basis of job performance while in federal custody.