**Order issued April 4, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NO. 01-11-00464-CR

### NO. 01-11-00465-CR

———————————

**DIETER HEINZ WERNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1262894 & 1270826**

---

### ORDER ON MOTION TO SET BAIL

On February 21, 2013, we issued an opinion reversing appellant's two convictions for stalking and remanding both causes for a new trial. *Werner v. State*, Nos. 01-11-00464-CR, 01-11-00465-CR, 2013 WL 824040 (Tex. App.—

Houston [1st Dist.], February 21, 2013, no pet. h.).  Appellant has filed a motion to set bail.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (Vernon 2006).  The State has filed a response in opposition to appellant's release on bail.[1]

---

[1]      On March 19, 2013, this Court issued an order requesting briefing from the parties on whether Mike Anderson, the current Harris County District Attorney, had a conflict of interest due to his sitting as the trial court judge in this case before he became the district attorney.  We also requested briefing on what actions, if any, this Court could or must take as a result.

Appellant filed a response, arguing that Anderson had a conflict of interest based on case law concerning whether a trial court judge is disqualified when he previously represented a party in the suit.  *See, e.g.*, *Gamez v. State*, 737 S.W.2d 315, 318–19 (Tex. Crim. App. 1987).  These cases, however, rely on constitutional and statutory authority that is not applicable here.  *See id.* at 318 (citing TEX. CONST. art. V, § 11 (providing "[n]o judge shall sit in any case . . . when the judge shall have been counsel in the case"); TEX. CODE CRIM. PROC. ANN. art. 30.01 (Vernon 2006) (providing "[n]o judge . . . shall sit in any case . . . where he has been of counsel for the State or the accused")).  Appellant did not argue what, if any, action could or must be taken by this Court.

The Harris County District Attorney's Office filed a response, correctly arguing that, even if a conflict of interest exists, Anderson and his office are not excluded from the case unless it rises to the level of a due process violation for appellant.  *See, e.g.*, *Landers v. State*, 256 S.W.3d 295, 304 (Tex. Crim. App. 2008) (holding court may not disqualify a district attorney for conflict of interest that does not rise to level of due-process violation).

We agree with the Harris County District Attorney's Office that the issue, then, is whether any such conflict of interest rises to the level of a due process violation.  *See id.* (holding "[f]or a prosecuting attorney to 'switch sides' in the same criminal case is an actual conflict of interest and constitutes a due-process violation"); *see also* TEX. CODE CRIM. PROC. ANN. art. 2.01 (Vernon 2005) (providing "[e]ach district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely").  "It is well established that almost every right, constitutional and statutory, may be waived by failing to object."  *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd).  This includes most due process violations.  *See Curry v. State*, 186 S.W.3d 39, 42 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  Appellant has not asserted that any of his due process rights have been violated.  Accordingly, we hold that any error has been waived.

Article 44.04(h) of the Texas Code of Criminal Procedure provides,

> If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. . . . The sureties on the bail must be approved by the court where the trial was had. The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex.Cr.App.R. 209(c).[2]

*Id.*

The State argues that appellant is not entitled to release because he is not "in custody," as required by the statute. *See id.* (". . . the defendant, if in custody, is entitled to release on reasonable bail . . ."). The State points out that appellant was released on parole on October 5, 2012. Accordingly, the State argues, appellant is not "in custody." We disagree.

"A releasee while on parole is in the legal custody of the division." TEX. GOV'T CODE ANN. § 508.143(a) (Vernon 2012); *see also id.* § 508.001(4) (Vernon 2012) (defining "division" as "the pardons and paroles division"). "While on parole, the person remains in the legal custody of the state . . . ." *Id.* § 508.156(c)

---

[2] "Former rule 209(c) was not carried forward to the revised, combined rules of civil and criminal appellate procedure, but even if this language is disregarded, it is evident the legislature intended that release on bail be delayed until a case is completely finished." *Tissier v. Kegans*, 789 S.W.2d 680, 681 (Tex. App.—Houston [1st Dist.] 1990, order).

3

(Vernon 2012).   The Court of Criminal Appeals has similarly recognized that parole is a form of custody by the State.  *See Ex parte Peel*, 626 S.W.2d 767, 768 (Tex. Crim. App. 1982) (holding parole is "a form of constructive custody"). While the Court of Criminal Appeals referred to parole as "constructive custody," the statute does not distinguish between types of custody for its application.  *See id.*; TEX. CODE CRIM. PROC. ANN. art. 44.04(h).   While appellant is not currently incarcerated, he is still in custody.[3]

In arguing that appellant's being on parole prevents him from seeking release on bail, the State relies on *Lebo v. State*, 90 S.W.3d 324 (Tex. Crim. App. 2002).  While we agree that *Lebo* is relevant to our analysis, it is not relevant in the way that the State suggests.

*Lebo* concerns the application of a different subsection of article 44.04. Subsection (b) provides that a defendant "may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years['] confinement . . . but shall immediately be placed in custody and the bail discharged."  TEX. CODE CRIM. PROC. ANN. art. 44.04(b).  At issue in *Lebo* was the meaning of the word "confinement" and "whether a person who is sentenced to ten years' imprisonment, but who is placed under community supervision, is entitled to

---

[3]     *See also Roberts v. State*, No. 02-11-00500-CV, 2013 WL 452177, at *1 (Tex. App.—Fort Worth, February 7, 2013, no pet. h.) ("Although no longer incarcerated, Roberts remains in TDCJ custody while on parole.").

bond pending appeal." 90 S.W.3d at 326. The Court of Criminal Appeals recognized that "'confinement' has many different meanings in the criminal justice system." *Id.* at 327. It also recognized that the Legislature had explicitly stated that, for community supervision, confinement was probated and imposition of sentence is suspended. *Id.* Accordingly, the court held that a trial court was prohibited from releasing a person on bail only when the punishment is ten or more years of "actual physical confinement." *Id.*

Relying on *Lebo*, the State argues that we should similarly interpret "custody" to mean actual, physical custody. We disagree. The court in *Lebo* was interpreting the word "confinement," not "custody." In fact, the court in *Lebo* recognized that it had "previously defined 'confinement' . . . as being in actual, physical custody." *Id.* This means the court treats confinement as a subset of custody, but one where the defendant is in *physical* custody. *See id.* As we have held, subsection (h) draws no distinction between the kinds of custody. Accordingly, the plain language of the statute indicates it applies to any kind of custody.

Moreover, the analysis in *Lebo* strengthens our determination that "custody" is not limited to physical custody. We must presume that the Legislature purposefully chose to use the word "confinement" in subsection (b) and also purposefully chose to the word "custody" in subsection (h). *See Timmons v. State*,

5

952 S.W.2d 891, 892 (Tex. App.—Dallas 1997, no pet.) (holding courts presume Legislature used every word and phrase in statute on purpose and words not included were excluded on purpose). If it had intended to allow defendants only in physical confinement to be released on bail following a reversal on appeal, the Legislature was aware of the words it could have used. It chose not to, and used the word "custody" instead.

We hold that "custody" as used in subsection (h) means any form of custody, including parole. Accordingly, we hold that, under the terms of subsection (h), appellant "is entitled to release on reasonable bail." *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h).

It remains for us to determine, then, what amount of bail is reasonable. Appellant requests that bail be set at no more than $20,000 but provides no argument for why this amount is reasonable. The State does not identify an amount it considers to be reasonable.

The primary purpose of setting bail, both pretrial and post-appeal, "is to secure the presence of the accused." *Aviles v. State*, 26 S.W.3d 696, 698 (Tex. App.—Houston [14th Dist.] 2000, order). There are a number of factors we consider in making this determination. Article 17.15 of the Texas Code of Criminal Procedure requires courts to consider the following in making their determinations to set bail:

6

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005). The Court of Criminal Appeals has provided additional factors to consider that other courts have applied to setting bail:

> (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense.

*Aviles*, 26 S.W.3d at 698 (citing *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981)).

Typically, courts give greater weight to two considerations in setting bail: the nature of the offense and the length of the sentence. *Id.* at 698–99. The Fourteenth Court of Appeals has held, however, that for 44.04(h) situations, "the primary factors that should be considered by the court of appeals are (1) the fact that the conviction has been overturned; (2) the State's ability, if any, to retry the

appellant; and (3) the likelihood that the decision of the court of appeals will be overturned." *Id.* at 699.

The State has indicated that it is currently preparing a petition for discretionary review. We share our sister courts' hesitation in predicting the Court of Criminal Appeals's future disposition. *See, e.g.*, *Gomez v. State*, No. 07-10-00116-CR, 2011 WL 1546861, at *2 (Tex. App.—Amarillo, April 25, 2011, order). But we have found no reason to conclude that the reasoning in our opinion is infirm.

For the State's ability to retry the appellant, we fully expect it will. No evidence has been excluded as a result of our opinion, and appellant has not served more time than could be obtained upon conviction. The only difference from the last trial is that the two causes must be tried separately. *See Werner*, 2013 WL 824040, at *4 (holding trial court erred by denying motion to sever trials for two charges of stalking).

Similarly, we find no particular significance in our overturning appellant's conviction as it applies to setting bail. Our opinion found the evidence supporting the convictions to be sufficient.[4] *Id.* at *12, *13. Nothing in our opinion suggests that the State's likelihood of conviction on retrial would be materially diminished.

---

[4] Because it would not have resulted in greater relief, we did not consider appellant's evidentiary objections presented in issues on appeal. *Werner v. State*,

Given these considerations, appellant's position now is much like his position was before trial. Accordingly, the bail set for appellant before trial can guide us in considering the remaining factors. *See Watson v. State*, 158 S.W.3d 647, 649 (Tex. App.—Waco 2005, order) (considering the amount of bail set before trial in setting bail pursuant to section 44.04(h)); *Aviles*, 26 S.W.3d at 698 (listing defendant's conformity with previous bond conditions as factor for consideration).

We do note some changes in appellant's condition since trial, however. The State has shown that appellant is now living in Travis County, not in Houston. There is no indication, however, that this new area of residence should impact any of the factors we consider in any meaningful way. Similarly, the State has shown that appellant has been on parole for about five months before the motion to set bail was filed. While no specifics of his compliance have been provided, we do know that his parole has not been revoked.

When he was charged with the first offense of stalking, appellant was released on bail at $75,000. A little over a month later, the State reported appellant's violation of a condition of his bond by committing a second offense of stalking on the same person. His bail was revoked. A couple of months later, appellant was released again on bail. This time, the bail for the first offense of

Nos. 01-11-00464-CR, 01-11-00465-CR, 2013 WL 824040, at *9 (Tex. App.—Houston [1st Dist.], February 21, 2013, no pet. h.).

9

stalking was set at $100,000 and the bail for the second offense of stalking was set at $200,000. The record indicates that bail was revoked a few months later, but does not indicate why. Appellant remained incarcerated until the time of trial, nearly four months later.

The record indicates, then, that a single bond in the amount of $75,000 was not sufficient to compel appellant to comply with the terms of his bail. Appellant remained out on bail, set at a total of $300,000 for the two offenses involved in this appeal, for three months. Because we do not have any indication of why his bail was subsequently revoked, we have no indication that a higher amount of bail would be required to obtain compliance with any terms of the bail obtained as a result of this order or to ensure his presence at trial. Moreover, to the degree that the fact that bail was subsequently revoked would indicate a higher amount of bail is necessary, it is tempered by the fact that appellant has recently been on parole for over five months without its revocation. Accordingly, in consideration of the factors relevant to setting the amount of bail, we hold that a total bail of $300,000 is reasonable.

We set appellant's bail under trial court cause number 1262984 at $100,000. We set appellant's bail under trial court cause number 1270826 at $200,000. Any conditions on bail must be set by the trial court, and any sureties on bail must be approved by the trial court. *See* TEX. CODE CRIM. PROC. ANN. arts 17.40–.49

10

(Vernon 2005 & Supp. 2012) (allowing magistrate to set conditions on bail), 44.04(h) (requiring trial court to approve sureties); *Leonard v. State*, 376 S.W.3d 886, 890 (Tex. App.—Fort Worth 2012, pet. ref'd) (holding trial court has authority to set reasonable conditions for bail set under section 44.04(h)).

Harris County District Clerk, Chris Daniel, is directed to file a copy of this order in trial court cause numbers 1262894 and 1270826 in the 230th District Court, Harris County.

It is so ORDERED.


                                        Laura Carter Higley
                                        Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Publish.