ACCEPTED
01-12-00688-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/13/2015 2:11:07 PM
CHRISTOPHER PRINE
CLERK

# No. 01-12-00688-CR

In the
Court of Appeals
For the
First District of Texas
At Houston

——————◆——————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/13/2015 2:11:07 PM

CHRISTOPHER A. PRINE
Clerk

## No. 1348372
In the 178th District Court
Of Harris County, Texas

——————◆——————

### Raul Rodriguez
*Appellant*

v.

### The State of Texas
*Appellee*

——————◆——————

## State's Reply in Opposition to
## Appellant's Request for $10,000 Bond

——————◆——————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**KELLI JOHNSON**
**DONNA LOGAN**
Assistant District Attorney
Harris County, Texas

**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
State Bar No. 24071454
morgan_clinton@dao.hctx.net

1201 Franklin, Suite 600
Houston, Texas 77002
Tel: (713) 755-5826
FAX: (713) 755-5809

*Counsel for the Appellee*

To the Honorable Court of Appeals:

## Introduction

A jury found the appellant guilty of murder. (CR 2376, 2393). This Court overturned that conviction because it found that the appellant was harmed by an erroneous jury instruction regarding the law of self-defense. *Rodriguez v. State*, ___ S.W.3d ___, 2014 WL 7205226 (Tex. App.—Houston [1st Dist.], no pet. h.). The State has filed a motion for extension of time to file a petition for discretionary review with the Court of Criminal Appeals, but has not yet filed the petition.

The appellant has requested that this Court, pursuant to Code of Criminal Procedure Article 44.04(h) set his bail at $10,000. The State agrees that the appellant is entitled to bail, but requests that this Court either set the amount at $100,000, or briefly abate this case to the trial court to have a hearing regarding the appropriate bail.

## The law requires this Court to set bail, but appellate courts are ill-equipped to handle such matters.

Code of Criminal Procedure Article 44.04(h) entitles a defendant to release on "reasonable bail" if his conviction has been reversed by a court of appeals but the State seeks discretionary review from the Court of Criminal

1

Appeals. Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Aᴘᴘ. art. 44.04(h). Prior to the filing of the petition, it is the court of appeals's responsibility to set the amount of bail. *Ibid*.

Courts of appeals have struggled with determining what factors to consider when setting bail, and with good reason: Bail determinations are fact-intensive inquiries and appellate courts are not equipped to make such determinations. Often, appellate courts give deference to the amount of bail set by the trial court prior to conviction, but by the time a conviction has been reversed by an appellate court it will have been years since the trial court made its pre-trial bail determination, and much will have changed in the intervening time.

This Court has looked at numerous factors when determining what bail to assess after a reversal: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds; (7) aggravating circumstances alleged to have been involved in the charged offense; (8) the nature of the offense; (9) the length of the sentence; (10) the fact that the conviction has been overturned; (11) the State's ability, if any, to retry the defendant; and (12) the likelihood that the decision of the court of appeals will be overturned. *Werner v. State*, 445 S.W.3d 301, 305 (Tex. App.—

Houston [1st Dist.] 2013, orig. proceeding) (citing *Aviles v. State*, 26 S.W.3d 696 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding)).

The first seven of those factors are essentially what the trial court used to set pre-trial bail at $50,000. But that determination was made several years ago. The appellant has alleged that some things have changed since then because his wife divorced him and took all his money, but surely there have been more changes in the appellant's status than that. After two-and-a-half years in prison, the appellant's community ties, his work history, and his length of residency would all be significantly different now. Now that the appellant is divorced, this Court has little indication of where or with whom the appellant would live.[1] It would seem that regarding the first seven factors, this Court would need to either rely on the trial court's determinations from when it set bond in 2010, or else abate the case for a new hearing.

The last five factors are the only ones on which this Court actually has enough facts to make an informed determination. The offense was murder, and the sentence was forty years' confinement. The seriousness of the offense and

---

[1] The appellant's affidavit states that his mother, siblings, and adult children live in Texas, but it does not state where in Texas. Nor does it state whether any of those family members are willing or able to provide a suitable home for the appellant if he were released. The appellant's claims to virtual indigence indicate that he would not be able to provide a home for himself.

the length of the sentence give the appellant a greater incentive to flee and thus weigh in favor of a higher bail.

The fact that the case was reversed, while true, is of "no particular significance" here because this Court's opinion did not find the evidence insufficient, nor did the opinion hold that any evidence should be excluded. *See Werner*, 445 S.W.3d at 305-06.

Nothing in the record shows that the State will not be able to try the appellant again. If it does so, moreover, based on the evidence in the record conviction is a near certainty. On appeal, both parties agreed that the jury charge in this case incorrectly stated the law of self-defense, but the State argued that this was harmless error because, based on the evidence at trial, the appellant's use of force was not self-defense as a matter of law and self-defense should not have been admitted to the jury at all. This Court did not dispute the State's observation. If this case were tried again on the exact same facts and with a correct jury charge (which would not include a self-defense instruction), there could be little doubt of the outcome.

The last factor regards the likelihood that this Court's decision will be reversed. The State believes that this factor is inappropriate and, instead, this Court should look at the likelihood that the Court of Criminal Appeals will grant review. Obviously this Court would not purposefully issue an opinion that it believed

4

would be reversed. Moreover, the State does not wish to use the appellant's bond request as an opportunity to needle this Court about its opinion. This Court ought not be assessing the likelihood of reversal, as neither it nor the parties are fair arbiters of that question, and this is not an appropriate setting for arguing such a matter.

However, this Court is certainly qualified to look at its opinion and make an objective determination of the likelihood of review being granted. The opinion in this case was a 39-page published opinion reversing a murder conviction. Some of the issues involved (namely self-defense law and concealed handgun laws) are high-profile issues that attract a lot of attention. The Court's ultimate holding in this case was that the State could be estopped from making, and an appellate court could refuse to consider, a harm argument that was inconsistent with the State's actions at trial; the State believes that, regardless of its correctness, this is a novel holding with wide-ranging implications that the Court of Criminal Appeals will be interested in reviewing. In the event that review is granted, this appeal will drag on for at least another year without resolution.

In *Werner*, this Court set post-reversal bail at the same amount as the trial court had set pre-trial bail. *Werner*, 445 S.W.3d at 306. It did so because it determined that the post-trial factors did not significantly alter the appellant's position. *Ibid*.

5

In this case, the appellant's pre-trial bail was set at $50,000, but all of the post-trial factors weigh in favor of a higher bail. If this Court wishes to rely on the trial court's pre-trial determination of bail as a baseline for what bail should be now — which seems to be the standard practice, even if it is questionable that those old findings have much relevance to the present situation— the State would ask that this Court double the appellant's pre-trial bail and set bond at $100,000.

In the alternative, the State requests that this Court briefly remand the case to the trial court for fact-findings and non-binding recommendations so that this Court can make an informed decision based on current facts.

## Conclusion

The State requests that this Court set the appellant's bail at $100,000. In the alternative, this Court should remand the case to the trial court in order for the parties to hold a hearing and establish facts from which this Court could set a reasonable bail.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ C.A. Morgan
CLINTON A. MORGAN
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
Texas Bar No. 24071454

## Certificate Service

I certify that I have requested that efile.txcourts.gov electronically serve

a copy of this brief to:

Neal Davis
NDavis@SDRFirm.com

/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
Texas Bar No. 24071454

Date: January 13, 2015