**Order issued January 22, 2015**



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-12-00688-CR

---

**RAUL RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1348372**

---

## ORDER ON MOTION TO SET BAIL

On December 18, 2014, we issued an opinion reversing Appellant Raul

Rodriguez's conviction and remanding for a new trial. *Rodriguez v. State*, 01-12-

00688-CR, 2014 WL 7205226 (Tex. App.—Houston [1st Dist.] Dec. 18, 2014, no

pet. h.). Rodriguez has filed a motion to set bail. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West 2006). The State has filed a response in opposition.

Article 44.04(h) of the Texas Code of Criminal Procedure provides:

> If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail. The sureties on the bail must be approved by the court where the trial was had. The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex.Cr.App.R. 209(c).

TEX. CODE CRIM. PROC. ANN. art. 44.04(h). Thus, we must determine what amount of bail is reasonable. Rodriguez requests that bail be set at no more than $10,000, arguing that his material circumstances have changed for the worse since the trial court set his pre-trial bail at $50,000. In response, the State argues that bail should be set at $100,000, or the case should be remanded to the trial court for a hearing regarding the appropriate bail.

The primary purpose of setting bail, both pretrial and post-appeal, "is to secure the presence of the accused." *Aviles v. State*, 26 S.W.3d 696, 698 (Tex. App.—Houston [14th Dist.] 2000, order). There are a number of factors we

2

consider in making this determination. Article 17.15 of the Texas Code of Criminal Procedure requires courts to consider the following in making their determinations to set bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005). The Court of Criminal Appeals has provided additional factors to consider that other courts have applied to setting bail:

(1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense.

*Aviles*, 26 S.W.3d at 698 (citing *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981)).

3

Typically, courts give greater weight to two considerations in setting bail: the nature of the offense and the length of the sentence. *Id.* at 698–99. The Fourteenth Court of Appeals has held, however, that for 44.04(h) situations, "the primary factors that should be considered by the court of appeals are (1) the fact that the conviction has been overturned; (2) the State's ability, if any, to retry the appellant; and (3) the likelihood that the decision of the court of appeals will be overturned." *Id.* at 699.

The State has requested an extension of time to file a petition for discretionary review, extending its deadline to February 16, 2015. As we have previously noted, we cannot predict with certainty the Court of Criminal Appeals's future disposition. *See, e.g.*, *Werner v. State*, 445 S.W.3d 301, 305 (Tex. App.—Houston [1st Dist.] 2014, order). However, we have found no reason to conclude that the reasoning in our opinion is infirm.

For the State's ability to retry the appellant, the State has indicated that it intends to do so and we fully expect that it will. No evidence has been excluded as a result of our opinion, and Rodriguez has not served more time than could be obtained upon conviction. The difference between the last trial and any retrial is that the trial court's charge must properly charge the jury. *See Rodriguez*, 2014

WL 7205226, at *15.

With respect to our overturning Rodriguez's conviction as it applies to setting bail, we did not consider whether the evidence supporting the conviction was insufficient. Thus, with respect to evidentiary issues, nothing in our opinion suggests that the State's likelihood of conviction on retrial would be materially diminished. *Cf. Werner*, 445 S.W.3d at 305–06 (no particular significance in overturning conviction where opinion found evidence sufficient, suggesting that State's likelihood of conviction on retrial was not materially diminished).

Thus, in some ways, with respect to the *Aviles* considerations, Rodriguez's position now is much like his position before trial, and to the extent that this is so, the $50,000 pre-trial bail can guide us in considering the remaining factors. *See Werner*, 445 S.W.3d at 306.

We do note some changes in Rodriguez's condition since trial, however. Some of these changes could support a reduction from the pre-trial bail amount of $50,000. Since trial, Rodriguez's wife has divorced him and he no longer receives support from her, he has not received disability since his divorce, and the $550 per month that he would have received from his retirement was awarded to his wife in the divorce. He contends that he has no personal or real property that could come close to collateralizing or paying a bondsman for a $50,000 bond. Thus,

5

Rodriguez argues that setting his bail at $50,000 "would be unreasonable and oppressive because it displaces the presumption of innocence with a guaranteed trial appearance assured by incarceration without trial." He argues that "at most" he can post a $10,000 bond.

Rodriguez further contends that he is not a flight risk, as demonstrated by the fact that he had no violations when he was on pre-trial bond, and will again follow all conditions imposed. He argues that no aggravating circumstances, other than "what would be expected in the charged offense," are present. He further argues that he poses no threat to the complainant, because the complainant has died, nor to the community, as evidenced by the fact that he was "out on pre-trial bond, without incident, for two-and-a-half years." Rodriguez notes that he was born and raised in Texas, has no prior criminal history, and that his mother, siblings, and adult children from a prior marriage all reside in Texas.

Other changes in Rodriguez's condition since trial, however, do not support a reduction from the pre-trial bail amount of $50,000. Chief among these is the fact that Rodriguez has already been convicted once, and as noted above with respect to retrial and the significance of our opinion overturning his conviction, nothing in our opinion suggests that the evidence admitted in the first trial was insufficient to support the conviction. The State further argues that before the last

trial, Rodriguez lived with his wife, but now that he is divorced, there is no indication where Rodriguez intends to live while released on bail. The State also argues that the seriousness of the offense—murder—and the length of the sentence imposed in the first trial give Rodriguez "a greater incentive to flee and thus weigh in favor of a higher bail." The State also argues that an analysis of the first trial suggests that a second conviction is a "near certainty." The State thus argues that "all of the post-trial factors weigh in favor of a higher bail."

Our review indicates that some of the post-trial factors weigh strongly in favor of a higher bail, and some of the post-trial factors weigh strongly in favor of a lower bail. We note also that the presumptive bail amount for murder according to the Harris County District Court's Bail Schedule is $50,000. *See District Court Bail Schedule*, *available at* http://www.justex.net/BailBondSchedule.aspx. Accordingly, considering all of the factors relevant to setting the amount of bail, we hold that a total bail of $50,000 is reasonable under the circumstances.

We set Rodriguez's bail under trial court cause number 1348372 at $50,000. Any conditions of bail must be set by the trial court, and any sureties on bail must be approved by the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 17.40–.49 (West 2005 & Supp. 2014) (allowing magistrate to set conditions on bail), 44.04(h) (requiring trial court to approve sureties); *see also Werner*, 445 S.W.3d at 306

7

(setting bail under article 44.04(h) and directing that any conditions of bail must be set by trial court and any sureties approved by trial court).

Harris County District Clerk, Chris Daniel, is directed to file a copy of this order in trial court cause number 1348372 in the 178th District Court, Harris County.

It is so ORDERED.


Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.