ACCEPTED
14-14-00245-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
4/24/2015 10:27:24 AM
CHRISTOPHER PRINE
CLERK

**No. 14-14-00245-CR**
In the
Court of Appeals
For the
Fourteenth District of Texas
At Houston

————————◆————————

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

4/24/2015 10:27:24 AM

CHRISTOPHER A. PRINE
Clerk

**No. 1407238**
In the 263rd District Court
Of Harris County, Texas

————————◆————————

**JEREMY DESHAWN DUGAR**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

————————◆————————

STATE'S RESPONSE TO APPELLANT'S MOTION FOR BOND AFTER REVERSAL

————————◆————————

TO THE HONORABLE COURT OF APPEALS:

THE STATE OF TEXAS, in response the appellant's request for bond after reversal pursuant to Tex. Code Crim. Proc. 44.04(h), would show the Court the following:

***Procedural Background***

The State charged the appellant with felony murder of Tevin Williams (CR – 7). During the charge conference, the appellant requested an instruction for self-defense, which the trial court denied based on Williams being an innocent bystander and no evidence that he took part in any aggression towards the appellant (CR – 110-111; 5 RR 159-68; 6 RR 3). The jury found the appellant

guilty (CR – 121; 6 RR 22). The trial court sentenced the appellant in accordance with the jury's verdict to twelve years in the Texas Department of Criminal Justice, Institutional Division (CR – 128-30; 7 RR 32-33).

On April 9, 2015, this Court reversed the conviction, holding that the appellant was entitled to an instruction on self-defense from multiple assailants and an instruction to determine if Williams was an innocent bystander under Section 9.05 of the Texas Penal Code. *Dugar v. State*, 14-14-00245-CR, 2015 WL 1632690 (Tex. App.—Houston [14th Dist.] April 9, 2015, no pet. h.). The State has not yet filed a motion for rehearing or a petition for discretionary review, and no deadlines have passed.

On April 22, 2015, the appellant filed a motion for bail with this Court pursuant to Article 44.04(h) of the Code of Criminal Procedure. Article 44.04 (h) provides in part that "If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, *pending final determination of an appeal by the state or the defendant on a motion for discretionary review*." TEX. CODE CRIM. PROC. art. 44.04 (h) (West 2006) (emphasis added).

### State's Response to the Appellant's Request for Reasonable Bail

Pursuant to Article 44.04(h) the appellant is entitled to a reasonable bail. In determining reasonable bail this Court considers a range of factors: the defendant's

work record, the defendant's family and community ties, the length of the defendant's residency, the defendant's prior criminal record, the defendant's conformity with previous bond conditions, aggravating circumstances of the charge offense, the nature of the offense, the fact that the conviction has been overturned, the State's ability to retry the defendant and the likelihood that the court of appeals will be overturned. *See* TEX. CODE CRIM. PROC. art. 17.15 (West 2005); *Aviles v. State*, 26 S.W.3d 696, 699 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (citing *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981)); *Werner v. State*, 445 S.W.3d 301, 305 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

The appellant asks this Court to set a personal recognizance bond or a bond not to exceed $50,000, the amount of his pre-trial bond. But the appellant has not provided an affidavit, and there is no prior bond hearing testimony for this Court to rely on in making its decision. In his motion the appellant claims he is indigent, but does not provide information of his family's financial situation. *See Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (noting that a defendant generally must show that his funds and his family's funds have been exhausted to show that he is unable to make bail; discussing the defendant's mother's retirement account); *see also Richardson v. State*, 181 S.W.3d 756, 760 (Tex. App.—Waco 2005, no pet.) (considering funds of appellant's father and

brother). Furthermore, "[t]he ability or inability of an accused to make bail, however, even indigency, does not alone control in determining the amount of bail."). *Milner*, 263 S.W.3d at 149.

The trial court set his pre-trial bond at $50,000, but certainly some circumstances have changed since he has been in prison. One huge change is that a jury has not found him guilty beyond a reasonable doubt, so there is sufficient evidence to convict. Moreover, as the appellant concedes, the State can retry the case, and this Court's reversal does not limit any evidence that was presented. Therefore, the appellant is in at least the same position as he was pre-trial, if not worse because a jury found him guilty based on his actions.

The appellant is charged with felony murder, an aggravated offense. The jury found the appellant guilty and sentenced him to twelve years in prison, a sentence for which he would not be eligible for a bond pending appeal. *See* TEX. CODE CRIM. PROC. art. 44.04(b). And though the appellant argues that there are some mitigating factors, he took someone else's life because he fired a gun into a crowd of people. He fired a gun as he drove away from the apparent hostility and killed a seventeen-year-old child without any evidence that the victim did anything on his own or in combination with a group to put the appellant's life in danger.

Therefore, the State requests that if this Court grants a bond, it considers a bond of at least $100,000, along with other conditions of electronic monitoring,

abstention from drug use, remaining in Harris County, and refraining from contact with the victim's family. *See* TEX. CODE CRIM. PROC. art. 44.04 (c); TEX. CODE CRIM. PROC. art. 56.02(a)(2) (West supp. 2014) (safety of a crime victim's family may be taken into consideration when setting bail); *Ex parte Anderer*, 61 S.W.3d 398 (Tex. Crim. App. 2001) (allowing courts discretion to impose reasonable conditions of bond on appeal).

### *Conclusion*

The State prays that this Court will set a bond of $100,000 with conditions of electronic monitoring, abstention from drug use, remaining in Harris County, and refraining from contact with the victim's family.

Respectfully submitted,

/s/ *Katie Davis*

**KATIE DAVIS**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
Davis_Katie@dao.hctx.net
TBC No. 24070242

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument will be served by efile.txcourts.gov to:

Marc C. Kratovil
Harris County Public Defender's Office
1201 Franklin, 13th Floor
Houston, TX 77002
Mark.Kratovil@pdo.hctx.net


/s/ *Katie Davis*

**KATIE DAVIS**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
Davis_Katie@dao.hctx.net
TBC No. 24070242

Date:  April 24, 2015