**Motion Granted; Order and Dissenting Opinions filed October 18, 2018.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-15-01005-CR
NO. 14-15-01006-CR
_____

**NATHAN RAY FOREMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 1374837 & 1374838**

## ORDER

On August 31, 2018, this court rendered its judgment reversing the trial court's judgment and remanding to the trial court for further proceedings.

On August 31, 2018, appellant, Nathan Foreman, filed a motion requesting this court to set reasonable bail. *See* Tex. Code Crim. Proc. Ann. art. 44.04(h). We are authorized to set bail upon request by an appellant in the following circumstances:

If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail. The sureties on the bail must be approved by the court where the trial was had. The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling[.]

Tex. Code Crim. Proc. Ann. art. 44.04(h) (West 2018). Having reversed appellant's conviction and having been requested to set bail at a time prior to the filing of a petition for discretionary review, we have authority to consider appellant's motion.

Though article 44.04(h) directs that the defendant be released on reasonable bail under these circumstances, it does not specify the factors we are to consider when determining the appropriate sum. However, certain general rules govern the amount of bail to be required:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015).

Appellant asks this court to set his bail at $50,000 per offense. Appellant notes

2

that his original bail was set at $30,000 in 2013. The State filed motions to revoke appellant's bonds, which were granted on July 7, 2015. The trial court granted appellant's request for bail pending trial at $50,000. In support of his motion after remand appellant claims he has "attended every court proceeding through trial in these causes."

The State responded, asking this court to delay setting bail until after the time for motion for rehearing passed, which was September 17, 2018. The State has not file a motion for rehearing.

The primary purpose of setting bail, both pretrial and post-appeal, "is to secure the presence of the accused." *Aviles v. State*, 26 S.W.3d 696, 698 (Tex. App.—Houston [14th Dist.] 2000, order). In setting bail following reversal and remand in the court of appeals, "the primary factors that should be considered by the court of appeals are (1) the fact that the conviction has been overturned; (2) the State's ability, if any, to retry the appellant; and (3) the likelihood that the decision of the court of appeals will be overturned." *Id.* at 699.

With these considerations in mind, we turn to appellant's motion. Other than noting that appellant appeared at every court proceeding through trial, appellant's motion does not specifically address the factors set forth in article 17.15. Turning to the more specific factors to be considered after reversal and remand, appellant's conviction was reversed by this court, and evidence of the video surveillance was excluded as a result of our opinion. The State's ability to retry appellant may be limited after exclusion of the video surveillance evidence. Regarding the prospect of reversal of our decision, we, like our sister court of appeals, are reluctant to predict the future actions of the Court of Criminal Appeals should discretionary review be sought, but we are confident that our analysis was thorough and properly applied the correct standard of review, and that our disposition of the case is correct under the

3

law. *See Werner v. State*, 445 S.W.3d 301, 305 (Tex. App.—Houston [1st Dist.] 2013, order) (expressing same hesitation but indicating that "we have found no reason to conclude that the reasoning in our opinion is infirm").

Given these considerations, appellant's position now is much like his position was before trial. Accordingly, the trial court's decision on bail can guide us in considering the *Aviles* factors. *See Werner*, 445 S.W.3d at 306 (considering the amount of bail set before trial in setting bail pursuant to article 44.04(h)).

Before trial for aggravated kidnapping and aggravated robbery, appellant was released on $30,000 bail for each offense. While out on bail, appellant was arrested for a misdemeanor–unlawful carrying of a weapon, namely a firearm. The State filed a motion to revoke appellant's bail, which was granted. Appellant subsequently filed a motion for bail in which he requested bail in the amount of $30,000. The trial court set appellant's bail at $50,000.

The trial court, which had the ability to convene a hearing on the factors listed in article 17.15 of the Code of Criminal Procedure, determined that $50,000 was an appropriate amount of bail to secure appellant's appearance pretrial. Considering the relevant factors on which we have been provided information and endeavoring to strike a balance between ensuring appellant's presence and avoiding oppressive bail, we grant appellant's motion and set bail pending final determination of appeal at $50,000 per offense. *See* Tex. Code Crim. Proc. art. 44.04(h). Any conditions on bail must be set by the trial court, and any sureties on bail must be approved by the trial court. *See id*. arts. 17.40–.49 (allowing magistrate to set conditions on bail), 44.04(h) (requiring trial court to approve sureties); *Leonard v. State*, 376 S.W.3d 886, 890 (Tex. App.–Fort Worth 2012, pet. ref'd) (holding trial court has authority to set reasonable conditions for bail set under section 44.04(h)).

4

PER CURIAM

En Banc Court consists of Chief Justice Frost and Justices Boyce, Christopher, Jamison, Busby, Donovan, Brown, Wise, and Jewell.

Publish — Tex. R. App. P. 47.2(b).