**Order issued April 23, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-18-00882-CR

———————————————

**EDGAR MUNOZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 176th District Court
Harris County, Texas
Trial Court Case No. 1556775

**ORDER ON MOTION TO SET BAIL**
**FOLLOWING REVERSAL OF CONVICTION**

Appellant, Edgar Munoz, has filed a motion to set bail following this Court's reversal of his conviction and remand for a new trial.[1] *See* TEX. CODE CRIM. PROC. art. 44.04(h).

Texas Code of Criminal Procedure article 44.04(h) provides that, following the reversal of a conviction, the defendant, if in custody, is "entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review." *See id.* The State has filed a response stating that it acknowledges that appellant is entitled to reasonable bail.

In his motion, appellant notes that the trial court originally set his pre-trial bail at $300,000 and then reduced it to $175,000. He requests that "this Court set his bond at $50,000 but no higher than $175,000." The State contends that, "at a minimum, appellant's bail should be set at $175,000."

With respect to determining the appropriate sum,[2] the primary purpose, both pretrial and post-appeal, "is to secure the presence of the accused." *Werner v. State*, 445 S.W.3d 301, 305 (Tex. App.—Houston [1st Dist.] 2013, order). We consider the following factors:

---

[1] *Munoz v. State*, No. 01-18-00882-CR, 2020 WL 1584480 (Tex. App.—Houston [1st Dist.] Apr. 2, 2020, no pet. h.) (mem. op.).

[2] Because appellant filed his motion prior to the filing of a petition for review, this Court is charged with determining the amount of bail. *See* TEX. CODE CRIM. PROC. art. 44.04(h).

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. art. 17.15.

We further consider: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of any other outstanding bonds; and (7) any aggravating factors involved in the charged offense. *Werner*, 445 S.W.3d at 305; *see also Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981).

Here, the record shows that appellant was apprehended while in possession of 5,349 pounds of marijuana, with a street value of approximately $3,000,000. He was indicted for the first-degree-felony offense of possession of marijuana in an amount in excess of 2000 pounds. The record shows that appellant admitted to law enforcement authorities that he was receiving payment in exchange for storing large amounts of narcotics being shipped into the United States from Mexico. The State argues that, based on his ties in facilitating the international transport of large

3

amounts of narcotics, and because he is not a citizen of the United States, appellant presents an elevated flight risk. The State notes that its case against appellant is "incredibly strong" and that his conviction was reversed, not for lack of evidence of his guilt, but based on ineffective assistance of counsel related to immigration consequences. Thus, it asserts, when appellant is retried, there is a high likelihood that he will be convicted, and he faces up to 99 years in prison. Appellant, in his motion for bail, does not address this flight-risk concern. We otherwise note that appellant has just one year of work history in the record. However, the record shows that he has family ties in Harris County.

The trial court initially set appellant's pre-trial bail at $300,000. After a hearing, the trial court lowered appellant's bail to $175,000, and he was able to post a bond at this amount. The trial court, which had the ability to convene a hearing on the article 17.15 factors, determined that $175,000 was an appropriate amount to secure appellant's appearance. *See Werner*, 445 S.W.3d at 306 (considering amount of bail set before trial in setting bail under article 44.04(h)). Nothing in the record suggests that appellant did not comply with any conditions imposed. *See id.* Nothing presented in the motion or response suggests that appellant's circumstances, bearing on the above factors, have changed. *Cf. id.*

After considering appellant's motion, the State's response, and the applicable law, we **grant** appellant's motion.

4

It is **ORDERED** that appellant's bail is set in the amount of $175,000. Article 44.04(h) requires that the trial court approve any sureties on a bond. *See* TEX. CODE CRIM. PROC. art. 44.04(h). In addition, the trial court may set reasonable terms and conditions as appropriate. *See id.* art. 17.40; *Werner*, 445 S.W.3d at 306; *Leonard v. State*, 376 S.W.3d 886, 890 (Tex. App.—Fort Worth 2012, pet. ref'd) (holding that trial court has authority to set reasonable conditions on bail set under article 44.04(h)).

Harris County District Clerk, Marilyn Burgess, is directed to file a copy of this order in trial court cause number 1556775 in the 176th District Court, Harris County.

It is so **ORDERED**.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Landau and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).